JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-2583-KK-PDx | Date: | January 30, 2024 |
|---|---|---|---|
| Title: | *Katherine Lewis v. ADP Technology Services, Inc., et al.* | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |
|---|---|

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order GRANTING Defendant's Motion for Summary Judgment [Dkt. 24]

## I.
## INTRODUCTION

Plaintiff Katherine Lewis ("Plaintiff") filed a Complaint against defendant ADP Technology Services, Inc. ("Defendant" or "ADP") alleging gender-based pay discrimination and related claims under California law. ECF Docket No. ("Dkt.") 1-1. On November 30, 2023, Defendant filed the instant Motion for Summary Judgment ("Motion"). Dkt. 24. The Court finds this matter appropriate for resolution without oral argument. See FED. R. CIV. P. 78(b); L.R. 7-15. For the reasons set forth below, the Motion is **GRANTED**.

## II.
## BACKGROUND

### A.  PROCEDURAL HISTORY

On March 3, 2023, Plaintiff, who is currently employed by defendant ADP, filed a Complaint in the Los Angeles County Superior Court, asserting the following claims:

(1) First Cause of Action for violation of the California Equal Pay Act, Section 1197.5 of the California Labor Code;

(2)　Second Cause of Action for sex-/gender-based discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Section 12940 of the California Government Code;
(3)　Third Cause of Action for retaliation in violation of FEHA, Section 12940(h) of the California Government Code, and the California Equal Pay Act, Section 1197.5(k)(1)-(2) of the California Labor Code;
(4)　Fourth Cause of Action for violation of California's Whistleblower Protection Act, Section 1102.5(b) of the California Labor Code;
(5)　Fifth Cause of Action for harassment in violation of FEHA, Sections 12923 and 12940(j) of the California Government Code;
(6)　Sixth Cause of Action for failure to prevent unlawful discrimination, harassment, and retaliation in violation of FEHA, Section 12940(k) of the California Government Code;
(7)　Seventh Cause of Action for failure to investigate or take corrective action in violation of FEHA, Section 12940(j)(1) of the California Government Code;
(8)　Eighth Cause of Action for intentional infliction of emotional distress; and
(9)　Ninth Cause of Action for negligent infliction of emotional distress.

Dkt. 1-1.

On April 4, 2023, Defendant filed an Answer to the Complaint. Dkt. 1-3. On April 5, 2023, Defendant removed the action to this Court. Dkt. 1.

On April 26, 2023, the parties filed a Joint Rule 26(f) Report requesting, among other dates, a fact discovery cut-off of December 15, 2023 and a trial date of May 7, 2024. Dkts. 14, 15.

On April 27, 2023, pursuant to the parties' request, the Court issued a Civil Pretrial Schedule and Trial Order setting a fact discovery cut-off for December 15, 2023 and a jury trial for May 7, 2024. Dkt. 19.

On November 30, 2023, Defendant filed the instant Motion seeking summary judgment on all of Plaintiff's claims. Dkt. 24. On December 28, 2023, Plaintiff filed an Opposition to the Motion. Dkt. 34. On January 4, 2024, Defendant filed a Reply in support of the Motion. Dkt. 41.

The matter thus stands submitted.

**B.　MATERIAL FACTS**

Unless otherwise indicated, the following facts are uncontroverted. To the extent certain facts are not referenced in this Order, the Court has not relied on such facts in reaching its decision. In addition, the Court considers the parties' evidentiary objections only where necessary.[1] All other objections are **OVERRULED AS MOOT**.

---

[1] "[O]bjections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself[.]" Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). The Court declines to address such objections here.

### 1. Positions and Compensation at ADP

Defendant ADP is a payroll services provider. Dkt. 29 at 1-5, Declaration of Quinton Ryan ("Ryan Decl."), ¶ 4. Within ADP's User Experience ("UX") Department, employee positions are classified by "grades" based on the abilities and skills required for each position. Dkt. 27, Def.'s Statement of Uncontroverted Facts ("DSUF") ¶¶ 19-20. An employee is promoted to a higher-grade position "if the [employee] satisfies the competencies of [that] grade level and if warranted by business needs." Id. ¶ 22 (emphasis in original).

Each position at ADP has a corresponding salary range. Dkt. 30, Declaration of Amanda Hood ("Hood Decl."), ¶ 5. Typically, "new associates or associates who are learning a job" are paid in the "lower third" of the salary range; "solid[ly] performing associates" are paid in the "middle third" of the salary range; and "high[-]performing associates with a sustained contribution" are paid in the "upper third" of the salary range. Id. Compensation recommendations are made by department managers. DSUF ¶ 12.

### 2. Plaintiff's Employment with ADP

In November 2017, Defendant hired Plaintiff as a Senior UX Designer (Grade 7). Dkt. 27, DSUF ¶ 1; Ryan Decl., ¶ 6. In September 2019, Plaintiff was promoted to the position of Lead UX Designer (Grade 8), and in October 2021, Plaintiff was promoted to the position of UX Design Manager (Grade 8). Dkt. 36, Pl.'s Statement of Uncontroverted Facts ("PSUF") ¶¶ 6, 9; DSUF ¶ 27.

In January 2022, Plaintiff "brought up a survey about [a] rebrand [project] that wasn't going well" on a phone call with Margot Dear, a Senior Director of UX Design. Dkt. 31 at 1-4, Declaration of Shardé T. Skahan ("Skahan Decl."), ¶ 3, Ex. A at 183:8-11; dkt. 28 at 1-6, Declaration of Margot Dear ("Dear Decl."), ¶ 2. According to Plaintiff, Dear "let loose" and "swore[,]" saying, "I don't effing care about a survey. I don't effing care. Do you? Do you?" Skahan Decl., ¶ 3, Ex. A at 183:11-17. During the summer of 2022, Plaintiff experienced another incident with Dear that involved the "same thing" – "[h]ostility" and the "F-word." Id. at 183:20-21.

In March 2022, Plaintiff's direct supervisor, Neha Pahwa, began developing a "coaching plan" for Plaintiff to address alleged performance issues.[2] DSUF ¶ 73; Dear Decl., ¶ 14, Ex. B. Dear's coaching plan notes indicate Dear observed evidence of "heated" exchanges between Plaintiff and other ADP employees as early as December 2021, and Dear recommended Plaintiff work on "be[ing] respectful when challenging ideas." Dear Decl., ¶ 14, Ex. B. Around the same

---

[2] Plaintiff disputes that Pahwa began developing a coaching plan in March 2022 but presents no evidence controverting this fact. See Pl.'s Response to DSUF ¶ 73; see also L.R. 56-3 (stating material facts not controverted by declaration or other written evidence may be deemed admitted). In addition, while Plaintiff objects to the declaration of Margot Dear as lacking foundation insofar as it relates to Plaintiff's coaching plan, dkt. 38 at 4, Dear's indication in her declaration that she took over supervision of Plaintiff and administration of Plaintiff's coaching plan in September 2022, see Dear Decl., ¶ 14, lays an adequate foundation for Dear's statement. Plaintiff's hearsay and improper opinion testimony objections are also without merit. Hence, Plaintiff's objections to Dear's declaration insofar as it relates to the coaching plan are **OVERRULED**.

time, Plaintiff began to be excluded from certain strategy meetings and "lost the ability to control the projects of" employees she supervised. Skahan Decl., ¶ 3, Ex. A at 190:1-18.

In August 2022, Plaintiff submitted an internal complaint against Pahwa and Dear, asserting they "gave preferential treatment to male employees by giving them higher salaries and promotions than female employees on the team." Ryan Decl., ¶ 14. Defendant investigated the complaint and concluded Plaintiff's claims were "unsubstantiated." Id., ¶¶ 15-16; see also id., ¶ 15, Ex. C.

In September 2022, Plaintiff's base annual salary was increased from $163,620 to $170,165. DSUF ¶¶ 100-101. In September 2023, Plaintiff's base annual salary was increased from $170,165 to $174,415. Id. ¶¶ 101-102.

## III.
## LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it "might affect the outcome of the suit[.]" Nat'l Ass'n of Optometrists & Opticians v. Harris, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The party moving for summary judgment bears the initial burden of identifying the portions of the pleadings and record that it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The burden then shifts to the non-moving party to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." Id. at 324 (quoting FED. R. CIV. P. 56(e)) (internal quotation marks omitted).

In deciding a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is, therefore, not proper "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts[.]" Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 (9th Cir. 1980). Furthermore, the court does not make credibility determinations with respect to the evidence offered. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

## IV.
## DISCUSSION

**A. PLAINTIFF'S REQUEST FOR A CONTINUANCE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d) IS DENIED**

### 1. Applicable Law

Pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d)"), if a party opposing a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," then "the court may . . . allow time to obtain

affidavits or declarations or to take discovery[.]" FED. R. CIV. P. 56(d).  "To prevail on a request for additional discovery under Rule 56(d), a party must show that (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc., 874 F.3d 604, 619-20 (9th Cir. 2017)  (internal quotation marks and citation omitted).  The party must also demonstrate she "diligently pursued [] previous discovery opportunities[.]" Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).  "The failure to conduct discovery diligently is grounds for the denial of a [Rule 56(d)] motion." Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002).  Moreover, a court need not defer its summary judgment ruling when the non-moving party's asserted reason for needing additional time to complete discovery lacks merit or is simply dilatory.  See Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1553-54 (10th Cir. 1993) (holding district court did not abuse its discretion in denying Rule 56(d) request where non-moving party's reasons for needing additional time for discovery were both lacking in merit and dilatory); see also Mounsey v. Allied-Signal, Inc., No. CV 95-4309-SVW-MCx, 2000 WL 34017116, at *5 (C.D. Cal Apr. 10, 2000) (denying Rule 56(d) request because plaintiffs "fail[ed] to satisfy their burden of showing that specific, discoverable evidence [would] raise a genuine issue of material fact").

### 2.     Analysis

Plaintiff requests a continuance pursuant to Rule 56(d) to allow for additional discovery.  Dkt. 34 at 23-27.  As an initial matter, such request – included in Plaintiff's Opposition, rather than a noticed motion – is not properly before the Court.  Nevertheless, the Court will address the merits of the request.

The Court finds Plaintiff has not shown diligence in pursing discovery.  The fact discovery cut-off in this matter, which was set pursuant to the parties' request, passed on December 15, 2023.  Dkts. 15, 19.  Although Plaintiff contends Defendant "refused to provide the salary information for the three comparators . . . in response to written discovery[,]" dkt. 34 at 25, Plaintiff did not file a motion to compel following Defendant's service of written discovery responses on June 20, 2023 and supplemental written discovery responses on July 11, 2023.  See Dkt. 46, Supplemental Declaration of Shardé T. Skahan, ¶¶ 5, 7.  Moreover, Plaintiff does not appear to have noticed any depositions in this matter until December 7, 2023 – just eight days before the fact discovery cut-off – when Plaintiff noticed the deposition of Margot Dear.  Id., ¶ 9, Ex. B.  Hence, Plaintiff's assertion that her "discovery efforts . . . have been frustrated and thwarted by Defendant[,]" dkt. 34 at 25, is meritless.  Because Plaintiff failed to conduct discovery diligently in this matter, the Court finds Plaintiff's request for a continuance pursuant to Rule 56(d) to be meritless and dilatory.  Accordingly, Plaintiff's request is **DENIED**.

## B.     DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA EQUAL PAY ACT

### 1.     Applicable Law

The California Equal Pay Act prohibits an employer from "pay[ing] any of its employees at wage rates less than the rates paid to employees of the opposite sex for substantially similar work . . . performed under similar working conditions[.]" Cal. Lab. Code § 1197.5(a).  However, a

pay disparity does not violate the California Equal Pay Act if based upon (1) a seniority system, (2) a merit system, (3) a system that "measures earnings by quantity or quality of production," or (4) a "bona fide factor other than sex, such as education, training, or experience." Id.

To prove a violation of the California Equal Pay Act, a plaintiff must establish her employer "pays different wages to employees doing substantially similar work under substantially similar conditions" based on gender. Hall v. Cnty. of Los Angeles, 148 Cal. App. 4th 318, 323 (Cal. Ct. App. 2007). Substantially similar work means work "which requires equal skill, effort, and responsibility[.]" Green v. Par Pools, Inc., 111 Cal. App. 4th 620, 628 (Cal. Ct. App. 2003). If the plaintiff makes such prima facie showing, the burden then shifts to the employer to prove the disparity in pay is permissible under the California Equal Pay Act. Hall, 148 Cal. App. 4th at 323-24. If the employer satisfies this burden, the burden shifts back to the plaintiff to prove pretext. Id. at 324.

    **2.**     **Analysis**

Here, no genuine dispute of material fact exists with respect to Plaintiff's claim for violation of the California Equal Pay Act, because Plaintiff has not presented sufficient evidence from which a reasonable jury could conclude Defendant pays male employees more than female employees for substantially similar work under substantially similar conditions. Although Plaintiff has identified three male comparators – Jason Perez, Roel Punzalan, and John Terceman – Plaintiff has presented no admissible evidence regarding their salaries. In fact, Plaintiff concedes she does not possess the "respective salary histories" for any of her alleged comparators. See dkt. 34 at 27. Hence, Defendant has met its burden to show Plaintiff "does not have enough evidence" to prove "an essential element of [her] claim[.]"[3] See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105-06 (9th Cir. 2000); see also McGee v. Regents of the Univ. of Cal., No. 2:20-CV-10697-VAP-KSx, 2022 WL 17550633, at *8 (C.D. Cal. Aug. 18, 2022) (holding defendant employers were entitled to summary judgment on federal Equal Pay Act claim where plaintiff lacked evidence that he was compensated at a lower rate due to his gender identity).

Defendant is, therefore, entitled to summary judgment on Plaintiff's claim for violation of the California Equal Pay Act. Accordingly, the Motion is **GRANTED** as to Plaintiff's First Cause of Action.

**C.**     **DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S SECOND CAUSE OF ACTION FOR SEX- AND/OR GENDER-BASED DISCRIMINATION UNDER FEHA**

    **1.**     **Applicable Law**

FEHA prohibits an employer from engaging in sex- or gender-based discrimination in the "terms, conditions, or privileges" of employment. Cal. Gov't Code § 12940(a). In evaluating FEHA

---

[3] The Court further notes, pursuant to the parties' requested case schedule, Plaintiff had eight months to conduct discovery in this matter. See dkts. 15, 19. Thus, Plaintiff has had "sufficient time and opportunity for discovery[.]" See Nissan Fire & Marine Ins., 210 F.3d at 1105-06.

claims, California courts "look to pertinent federal precedent" regarding analogous federal discrimination laws.  Guz v. Bechtel Nat'l, Inc., 8 P.3d 1089, 1113 (Cal. 2000).  Thus, a plaintiff may prove employment discrimination in violation of FEHA either by presenting "evidence of discriminatory intent" or by satisfying the burden-shifting test established by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Medina v. Multaler, Inc., 547 F. Supp. 2d 1099, 1119 (C.D. Cal. 2007).

Under the McDonnell Douglas test, in order to establish a prima facie case of employment discrimination, a plaintiff must show "(1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably." Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 640 n.5 (9th Cir. 2003).  An adverse employment action is one that "substantially and materially affect[s] the terms and conditions of an employee's job."  Akers v. Cnty. of San Diego, 95 Cal. App. 4th 1441, 1459 (Cal. Ct. App. 2002).  "A change that is merely contrary to the employee's interests or not to the employee's liking is insufficient."  Id. at 1455.

If the plaintiff makes such prima facie showing, the burden then shifts to the employer to articulate a "legitimate, nondiscriminatory reason" for its allegedly discriminatory conduct.  Vasquez, 349 F.3d at 640.  Legitimate, nondiscriminatory reasons for an adverse employment action include job performance issues.  Aragon v. Republic Silver State Disposal Inc., 292 F.3d 654, 661 (9th Cir. 2002).  If the employer satisfies this burden, the burden shifts back to the plaintiff to prove pretext. Vasquez, 349 F.3d at 640.

**2.      Analysis**

Here, no genuine dispute of material fact exists with respect to Plaintiff's claim for sex- and/or gender-based discrimination.  Plaintiff has presented no direct evidence of discriminatory intent.  Thus, Plaintiff must satisfy the McDonnell Douglas test in order to establish discrimination. See Medina, 547 F. Supp. 2d at 1119.  However, Plaintiff has not presented sufficient evidence to satisfy her burden under McDonnell Douglas.

As an initial matter, in her Opposition to the instant Motion, Plaintiff fails to identify a specific adverse employment action upon which her discrimination claim is premised.  See dkt. 34 at 17-18.  To the extent Plaintiff's discrimination claim is predicated upon her assertion that Defendant pays male employees more than female employees for the same work, the claim fails because – as discussed above in Section IV.B.2 – Plaintiff has presented no admissible evidence regarding the salaries of the male comparators she identified.  Hence, Plaintiff cannot establish a prima facie case of sex- or gender-based discrimination in compensation.

Furthermore, to the extent Plaintiff's discrimination claim is predicated upon her assertion that, in the spring of 2022, she began to be excluded from certain strategy meetings and "lost the ability to control the projects of" employees she supervised, Skahan Decl., ¶ 3, Ex. A at 190:1-18, Defendant has offered a legitimate, nondiscriminatory reason for such actions.  Specifically, it is uncontroverted that Dear observed evidence of "heated" exchanges between Plaintiff and other ADP employees as early as December 2021, and Dear recommended Plaintiff work on "be[ing] respectful when challenging ideas."  Dear Decl., ¶ 14, Ex. B.  It is also uncontroverted that, in March 2022 – i.e., at approximately the same time the employment actions at issue occurred –

Plaintiff's direct supervisor had begun developing a "coaching plan" for Plaintiff to address such alleged performance issues.  DSUF ¶ 73; Dear Decl., ¶ 14, Ex. B.  Plaintiff has not presented any evidence from which a reasonable jury could conclude the alleged performance issues amounted to pretext for discrimination.[4]

Defendant is, therefore, entitled to summary judgment on Plaintiff's claim for sex- and/or gender-based discrimination.  Accordingly, the Motion is **GRANTED** as to Plaintiff's Second Cause of Action.

D. **DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S THIRD AND FOURTH CAUSES OF ACTION FOR RETALIATION UNDER THE EQUAL PAY ACT, FEHA, AND THE CALIFORNIA WHISTLEBLOWER PROTECTION ACT**

1. **Applicable Law**

The California Equal Pay Act prohibits an employer from retaliating against an employee because of "any action taken by the employee to invoke or assist in any manner the enforcement of" the statute.  Cal. Lab. Code § 1197.5(k).  Likewise, FEHA prohibits retaliation against an employee because the employee "has opposed any practices forbidden under [FEHA] or . . . has filed a complaint, testified, or assisted in any proceeding under [FEHA]."  Cal. Gov't Code § 12940(a).  California courts apply the McDonnell Douglas test to retaliation claims under FEHA.  Yanowitz v. L'Oreal USA, Inc., 116 P.3d 1123, 1130 (Cal. 2005).  Under the McDonnell Douglas test, in order to establish a prima facie case of retaliation, a plaintiff must show (1) she engaged in "protected activity," (2) she suffered an "adverse employment action," and (3) a "causal link" existed between her protected activity and the adverse employment action.  Id.

In addition, California's Whistleblower Protection Act prohibits an employer from "retaliating against an employee for sharing information the employee has reasonable cause to believe discloses a violation of state or federal statute or of a local, state, or federal rule or regulation with a government agency, with a person with authority over the employee, or with another employee who has authority to investigate or correct the violation."  Lawson v. PPG Architectural Finishes, Inc., 503 P.3d 659, 661 (Cal. 2022) (internal quotation marks and ellipsis omitted).  In order to establish a prima facie case of whistleblower retaliation, a plaintiff must show her "protected whistleblowing was a 'contributing factor' to an adverse employment action."  Id. at 663.

---

[4] Plaintiff cites evidence that (1) Plaintiff and Pahwa spoke "about how salaries among Dear's larger team appeared to widely vary and skew higher for men[,]" PSUF ¶ 30; (2) at least three internal complaints have been submitted against Dear in addition to Plaintiff's, at least one of which involved allegations of discrimination, dkt. 35, Declaration of Scott Greene, ¶ 3, Ex. B at 85:6-12, 89:6-12, 118-19; and (3) Dear's supervisor referred to Dear as a "problem," PSUF ¶ 34.  However, to the extent Plaintiff offers the statements of Pahwa, the complainants, or Dear's supervisor to establish Dear engaged in discrimination, these statements constitute inadmissible hearsay.  Moreover, Plaintiff fails to offer admissible evidence that the internal complaints involved similar allegations of gender pay discrimination, or regarding the basis for Dear being referred to as a "problem."  Plaintiff's evidence, therefore, is insufficient to give rise to a genuine issue of material fact regarding Plaintiff's discrimination claim.

### 2. Analysis

Here, no genuine dispute of material fact exists with respect to Plaintiff's retaliation claims because Plaintiff has not presented sufficient evidence from which a reasonable jury could conclude Defendant took adverse employment actions against Plaintiff following her submission of an internal complaint against Pahwa and Dear in August 2022. In fact, Plaintiff fails to identify any specific adverse employment action upon which her retaliation claims are premised. To the extent Plaintiff's retaliation claims are predicated upon her assertion that she was excluded from certain strategy meetings and "lost the ability to control the projects of" employees she supervised, Plaintiff testified this began "in spring 2022" – prior to Plaintiff's August 2022 submission of her internal complaint. Skahan Decl., ¶ 3, Ex. A at 190:1-18. Furthermore, it is undisputed that Plaintiff received two salary increases following submission of the complaint, the first in September 2022 and the second in September 2023. DSUF ¶¶ 101-102; see also Malais v. L.A. City Fire Dep't, 150 Cal. App. 4th 350, 358 (Cal. Ct. App. 2007) (holding plaintiff failed to establish adverse employment action where plaintiff had continued to receive promotions following onset of disability). Hence, Plaintiff has not presented evidence that she experienced any adverse employment actions after submitting the complaint against Pahwa and Dear.

Defendant is, therefore, entitled to summary judgment on Plaintiff's retaliation claims. Accordingly, the Motion is **GRANTED** as to Plaintiff's Third and Fourth Causes of Action.

### E. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FIFTH CAUSE OF ACTION FOR HARASSMENT UNDER FEHA

### 1. Applicable Law

FEHA "prohibits an employer from harassing an employee on the basis of sex[.]" Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d 590, 605-06 (Cal. Ct. App. 1989). To establish a claim for harassment in violation of FEHA, a plaintiff must show "(1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1244 (9th Cir. 2013). Harassment is not actionable under FEHA if it is "occasional, isolated, sporadic, or trivial[.]" Aguilar v. Avis Rent A Car System, 980 P.2d 846, 851 (Cal. 1999). Rather, a plaintiff asserting a claim of harassment "must show a concerted pattern . . . of a repeated, routine or a generalized nature." Id.

### 2. Analysis

Here, no genuine dispute of material fact exists with respect to Plaintiff's harassment claim because Plaintiff has not presented sufficient evidence from which a reasonable jury could conclude she was subjected to a concerted pattern of harassment based on her gender. The only evidence that could potentially support a finding of harassment is Plaintiff's deposition testimony that Dear displayed "[h]ostility" and used the "F-word" with Plaintiff on two occasions. Skahan Decl. ¶ 3, Ex. A at 183:8-17, 20-21. However, Plaintiff has presented no evidence that Dear's "[h]ostility" and use of the "F-word" were related to Plaintiff's gender. See Oliver v. Microsoft Corp., 966 F. Supp. 2d 889, 898 (N.D. Cal. 2013) (finding comments that did not relate to plaintiff's gender or medical condition were insufficient to establish a claim of gender- or disability-based harassment under

FEHA). Moreover, two incidents involving offensive conduct are insufficient to establish "a concerted pattern . . . of a repeated, routine or a generalized nature." See Aguilar, 980 P.2d at 851; see also Hallman v. Abercrombie & Fitch Stores, Inc., No. CV 13-2139-ODW (SSx), 2013 WL 5441753, at *7 (C.D. Cal. Sept. 27, 2013) (finding two incidents of racial harassment would not constitute a "concerted pattern of harassment of a repeated, routine or a generalized nature" sufficient to establish a harassment claim under FEHA).

Defendant is, therefore, entitled to summary judgment on Plaintiff's harassment claim. Accordingly, the Motion is **GRANTED** as to Plaintiff's Fifth Cause of Action.

**F.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S SIXTH AND SEVENTH CAUSES OF ACTION FOR FAILURE TO PREVENT UNLAWFUL DISCRIMINATION AND FAILURE TO INVESTIGATE OR TAKE CORRECTIVE ACTION UNDER FEHA**

   **1.    Applicable Law**

Under FEHA, it is unlawful for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring in the workplace." Lelaind v. City & Cnty. of San Francisco, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008) (quoting Cal. Gov't Code § 12940(k)) (internal quotation marks omitted). A plaintiff asserting a claim for failure to prevent discrimination must establish (1) she was subjected to discrimination, harassment, or retaliation, (2) her employer failed to take all reasonable steps to prevent such discrimination, harassment, or retaliation, and (3) such failure caused her to suffer injury, damage, loss, or harm. Id. (citing California Civil Jury Instructions (BAJI) 12.11).

In addition, FEHA provides that an employer "who knows or should have known" of unlawful discrimination, harassment, or retaliation may be held liable for "fail[ing] to take immediate and appropriate corrective action[.]" Thompson v. City of Monrovia, 186 Cal. App. 4th 860, 880 (Cal. Ct. App. 2010). However, FEHA "does not create a stand-alone tort" for failure to investigate or take corrective action. Id. Hence, as with a claim for failure to prevent discrimination or harassment, a plaintiff asserting a claim for failure to investigate or take corrective action "has no cause of action . . . unless actionable misconduct occurred." Id.

   **2.    Analysis**

Here, no genuine dispute of material fact exists with respect to Plaintiff's claims for failure to prevent discrimination and failure to investigate or take corrective action, because – as discussed above – Plaintiff has not presented sufficient evidence from which a reasonable jury could conclude Plaintiff was subjected to discrimination, harassment, or retaliation. See Lelaind, 576 F. Supp. 2d at 1103; Thompson, 186 Cal. App. at 880; see also Trujillo v. North Cnty. Transit Dist., 63 Cal. App. 4th 280, 289 (Cal. Ct. App. 1998) (holding a plaintiff cannot recover for failure to prevent discrimination or harassment except where discriminatory or harassing actions actually "took place and were not prevented"). Furthermore, as to Plaintiff's claim for failure to investigate or take corrective action, it is uncontroverted that Defendant investigated Plaintiff's internal complaint against Pahwa and Dear and concluded Plaintiff's claims were "unsubstantiated." Ryan Decl., ¶¶ 15-16, Ex. C; see also Thompson, 186 Cal. App. at 880 (concluding employer was entitled to summary

judgment on employee's claim for failure to investigate or take corrective action where it was uncontroverted that employer investigated employee's complaint of race discrimination).

Defendant is, therefore, entitled to summary judgment on Plaintiff's claims for failure to prevent discrimination and failure to investigate or take corrective action. Accordingly, the Motion is **GRANTED** as to Plaintiff's Sixth and Seventh Causes of Action.

### G. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S EIGHTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### 1. Applicable Law

Under California law, the elements of a claim for intentional infliction of emotional distress ("IIED") are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1988). Conduct is "outrageous" when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Rangel v. Bridgestone Retail Operations, LLC, 200 F. Supp. 3d 1024, 1032 (C.D. Cal. 2016) (quoting Christensen v. Superior Ct., 54 Cal. 3d 868, 903 (1991)).

"[A]n employer's discriminatory actions may constitute outrageous conduct under an intentional infliction of emotional distress theory." Barefield v. Bd. of Trustees of Cal. State. Univ., Bakersfield, 500 F. Supp. 2d 1244, 1276 (E.D. Cal. 2007). Nevertheless, a supervisor's actions do not amount to outrageous conduct simply because they "show rudeness and insensitivity[.]" Schneider v. TRW, Inc., 938 F.2d 986, 992-93 (9th Cir. 1991).

#### 2. Analysis

Here, no genuine dispute of material fact exists with respect to Plaintiff's claim for intentional infliction of emotional distress because Plaintiff has not presented sufficient evidence from which a reasonable jury could conclude she was subjected to extreme and outrageous conduct. The only evidence that could potentially support a finding of intentional infliction of emotional distress is Plaintiff's deposition testimony that Dear displayed "[h]ostility" and used the "F-word" with Plaintiff on two occasions. Skahan Decl. ¶ 3, Ex. A at 183:8-17, 20-21. However, although these incidents "may show rudeness and insensitivity," they do not amount to outrageous conduct. See Schneider, 938 F.2d at 992-93 (finding supervisor who "screamed and yelled in the process of criticizing [employee's] performance, threatened to throw [employee] out of the department and made gestures [employee] interpreted as threatening" had not engaged in outrageous conduct). Furthermore, Plaintiff has presented no evidence from which a reasonable jury could conclude Plaintiff has suffered "severe or extreme" emotional distress. See Cochran, 65 Cal. App. 4th at 494.

Defendant is, therefore, entitled to summary judgment on Plaintiff's claim for intentional infliction of emotional distress. Accordingly, the Motion is **GRANTED** as to Plaintiff's Eighth Cause of Action.

**H. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S NINTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**1. Applicable Law**

As a general matter, California's worker's compensation scheme "preempts civil actions for negligence against employers," including claims for negligent infliction of emotional distress. Dunlap v. Ass'n of Bay Area Governments, 996 F. Supp. 962, 966-67 (N.D. Cal. 1998). Nevertheless, a claim for negligent infliction of emotional distress based on misconduct that "cannot be considered a normal part of the employment relationship," Smith v. Int'l Brotherhood of Elec. Workers, 109 Cal. App. 4th 1637, 1658 (Cal. Ct. App. 2003), or which "raises public policy interests beyond those of the employer and the employee," Dunlap, 996 F. Supp. at 967 (internal quotation marks omitted), is not preempted. Hence, a claim for negligent infliction of emotional distress based on discrimination – which cannot be considered a normal part of the employment relationship and raises public policy interests beyond those of the employer and the employee – "is not confined to workers' compensation." Smith, 109 Cal. App. 4th at 1658. On the other hand, a negligent infliction of emotional distress claim based on "actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances," is preempted. Cole v. Fair Oaks Fire Protection Dist., 729 P.2d 743, 750 (Cal. 1987).

**2. Analysis**

Here, no genuine dispute of material fact exists with respect to Plaintiff's claim for intentional infliction of emotional distress because – as discussed above – Plaintiff has not presented sufficient evidence from which a reasonable jury could conclude Plaintiff was subjected to discrimination, harassment, or retaliation. Instead, Plaintiff's claim for negligent infliction of emotional distress is based on "actions which are a normal part of the employment relationship, such as . . . criticism of work practices, and frictions[.]" See Cole, 729 P.2d at 750. Thus, California's worker's compensation scheme preempts Plaintiff's claim.

Defendant is, therefore, entitled to summary judgment on Plaintiff's claim for negligent infliction of emotional distress. Accordingly, the Motion is **GRANTED** as to Plaintiff's Ninth Cause of Action.

# V.
# CONCLUSION

For the reasons set forth above, the Motion is **GRANTED**.

**IT IS SO ORDERED.**